Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000646
14-FEB-2018
01:06 PM

NO. CAAP-17-0000646

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NOEL MADAMBA CONTRACTING, LLC,
Movant/Cross-Respondent-Appellee,
v.
RAMON ROMERO and CASSIE ROMERO,
Respondents/Cross-Petitioners-Appellants,
and
A&B GREEN BUILDING, LLC,
Cross-Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 12-1-0210)

ORDER GRANTING THE TWO JANUARY 8, 2018
MOTIONS TO DISMISS THE APPEAL AND
DISMISSING AS MOOT ALL OTHER PENDING MOTIONS
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon consideration of (1) Petitioner/Cross-Respondent/ Appellee Noel Madamba Contracting, LLC's (Madamba Contracting), two January 8, 2018 motions to dismiss this appeal, (2) Respondents/Cross-Petitioners/Appellants Ramon Romero's and Cassie Romero's (the Romeros) two January 16, 2018 memoranda in opposition to Madamba Contracting's two motions to dismiss this appeal, and (3) the record, it appears that, although Madamba Contracting's arguments for dismissal lack merit, we lack jurisdiction over the Romeros' appeal from the following two judgments that the Honorable Rhonda A. Nishimura certified for appeal pursuant to Rule 54(b) of the Hawaiʻi Rules of Civil

Procedure (HRCP) in circuit court special proceeding S.P. No. 12-1-0210 (RAN) regarding an arbitration pursuant to Hawaii Revised Statutes (HRS) Chapter 658A:

> (1) an August 3, 2017 HRCP Rule 54(b)-certified judgment on a June 8, 2017 interlocutory order repeating the Supreme Court of Hawai'i's award of attorneys' fees and costs from a prior appeal; and
>
> (2) an August 3, 2017 HRCP Rule 54(b)-certified judgment on a June 8, 2017 interlocutory order directing the return of garnished funds.

In the underlying case, the circuit court had previously entered an August 27, 2012 order confirming an arbitration award in favor of the Romeros and a September 20, 2012 judgment on that arbitration award, both of which Madamba Contracting appealed pursuant to subsections (3) and (6) of HRS § 658A-28(a) (2016):

> § 658A-28. Appeals.
> (a) An appeal may be taken from:
>     (1) An order denying a motion to compel arbitration;
>     (2) An order granting a motion to stay arbitration;
>     (3) An order confirming or denying confirmation of an award;
>     (4) An order modifying or correcting an award;
>     (5) An order vacating an award without directing a rehearing; or
>     (6) A final judgment entered pursuant to this chapter.
> (b) An appeal under this section shall be taken as from an order or a judgment in a civil action.

(Emphases added). However, the Supreme Court of Hawai'i vacated, among other things, the August 27, 2012 order confirming the arbitration award and the September 20, 2012 judgment, and remanded the case for the purpose of conducting a new arbitration before a different arbitrator. Noel Madamba Contracting LLC v. Romero, 137 Hawai'i 1, 16-17, 364 P.3d 518, 533-34 (2015). On May 10, 2016, the Supreme Court of Hawai'i additionally awarded attorneys' fees and costs incurred in the appellate proceedings to Madamba Contracting. The parties have not yet obtained a new arbitration decision before a new arbitrator. Consequently, the record on appeal does not yet contain a final judgment or order that is appealable pursuant to HRS § 658A-28(a).

After the prior appeal concluded, Madamba Contracting filed several motions during the remand proceedings, and the circuit court entered two resulting orders relevant to this appeal: (1) a June 8, 2017 order that repeated the Supreme Court of Hawaiʻi's award of attorneys' fees and costs incurred in the prior appeal, and (2) a June 8, 2017 order directing the Romeros to return garnished funds to Madamba Contracting. Although each order did not resolve a substantive cause of action, the circuit court certified them for appeal pursuant to HRCP Rule 54(b) and entered the two corresponding August 3, 2017 HRCP Rule 54(b)-certified judgments. On September 5, 2017, the Romeros filed a notice of appeal from the two August 3, 2017 HRCP Rule 54(b)-certified judgments.

The two August 3, 2017 HRCP Rule 54(b)-certified judgments do not qualify as appealable judgments under HRS § 658A-28(a). Nevertheless, HRS § 658A-28 provides a "non-exclusive list" of appealable circuit court orders from an arbitration matter that does not preclude other orders from being appealable by way of other statutes, such as HRS § 641-1. County of Hawaiʻi v. Unidev, LLC, 129 Hawaiʻi 378, 389-93, 301 P.3d 588, 599-603 (2013).

HRS § 641-1(a) normally requires a final judgment for appealability, and that judgment must, "on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994) (original emphasis). This

> rule in Jenkins – to wit, that circuit court orders resolving claims against parties must generally be reduced to a judgment and the judgment must be entered in favor of or against the appropriate parties pursuant to HRCP Rule 58 before an appeal may be taken – is limited to circuit court orders disposing of claims raised in a circuit court complaint.

Ditto v. McCurdy, 103 Hawaiʻi 153, 159, 80 P.3d 974, 980 (2003) (emphasis in original). For the purpose of perfecting a party's right to appeal pursuant to HRS § 641-1(a), HRCP Rule 54(b)

authorizes a circuit court to certify a judgment as to one or more but fewer than all claims or parties, but

> the power of a lower court to enter a certification of finality is limited to only those cases where (1) more than one claim for relief is presented or multiple parties (at least three) are involved, . . . and (2) the judgment entered completely disposes of at least one claim or all of the claims by or against at least one party.

Elliot Megdal & Associates v. Daio USA Corp., 87 Hawai'i 129, 133, 952 P.2d 886, 890 (App. 1998) (citations omitted; emphasis added). An HRCP Rule 54(b)-certified judgment "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the court of a multiple claims action." Elliot Megdal, 87 Hawai'i at 135, 952 P.2d at 892 (citation and some internal quotation marks omitted; emphases added) (dismissing for lack of jurisdiction an appeal from an HRCP Rule 54(b)-certified judgment on an order that did not fully adjudicate a party's cause of action).

For example, prior to the entry of a final judgment, a "circuit court's order awarding attorneys' fees and costs may not be certified as a final judgment, pursuant to HRCP Rule 54(b), because such an order is not a final decision with respect to a claim for relief." Fujimoto v. Au, 95 Hawai'i 116, 136 n.16, 19 P.3d 699, 719 n.16 (2001) (citation and internal quotation marks omitted). "The entry of judgment and taxation of costs are separate legal acts." CRSC, Inc. v. Sage Diamond Co., Inc., 95 Hawai'i 301, 307, 22 P.3d 97, 103 (App. 2001) (citation, internal quotation marks and brackets omitted). "Absent entry of an appealable final judgment on the claims . . . [to which an award of attorneys' fees and costs relates], the award of attorneys' fees and costs is . . . not appealable." Fujimoto, 95 Hawai'i at 123, 19 P.3d at 706; CRSC, Inc., 95 Hawai'i at 306, 22 P.3d at 102 ("Similarly, the September 23, 1999 Order [awarding only attorneys' fees] and the February 3, 2000 Judgment [awarding only attorneys' fees] are not appealable, and we do not have appellate jurisdiction to review them.").

Absent a final circuit court judgment, the proper way for a circuit court to authorize appellate review of an interlocutory order awarding attorneys' fees and costs would be to grant leave to assert an interlocutory appeal pursuant to HRS § 641-1(b) (2016), which the circuit court did not do.[1] Given that the Supreme Court of Hawai'i vacated the circuit court's August 27, 2012 order confirming the arbitration award and the September 20, 2012 judgment in the prior appeal, the circuit court erred on remand by attempting to reduce the June 8, 2017 order repeating the Supreme Court of Hawaii's prior award of attorneys' fees and costs to the corresponding August 3, 2017 HRCP Rule 54(b)-certified judgment, because that ruling was not a final circuit court decision with respect to a party's cause of action. See Fujimoto, 95 Hawai'i at 136 n.16, 19 P.3d at 719 n.16.

Similarly, the June 8, 2017 order directing the return of garnished funds was not a final decision with respect to a party's cause of action, and, thus, the circuit court likewise erred by attempting to reduce this interlocutory order to an August 3, 2017 HRCP Rule 54(b)-certified judgment. Consequently, we lack appellate jurisdiction over the Romeros' appeal, which is premature.

Therefore, IT IS HEREBY ORDERED that Madamba Contracting's two January 8, 2018 motions to dismiss the Romeros' appeal are granted, albeit for reasons other than Madamba Contracting's arguments for dismissal, and the appeal is dismissed for lack of appellate jurisdiction.

---

[1] HRS § 641-1(b) (2016) provides:

(b) Upon application made within the time provided by the rules of court, an appeal in a civil matter may be allowed by a circuit court in its discretion from an order denying a motion to dismiss or from any interlocutory judgment, order, or decree whenever the circuit court may think the same advisable for the speedy termination of litigation before it. The refusal of the circuit court to allow an appeal from an interlocutory judgment, order, or decree shall not be reviewable by any other court.

(Emphases added).

-5-

IT IS FURTHER HEREBY ORDERED that all other pending motions in CAAP-17-0000646 are dismissed as moot.

DATED: Honolulu, Hawai'i, February 14, 2018.

Presiding Judge

Associate Judge

Associate Judge